## BEIDLER v. SHALLENBERGER.

1. **Evidence**: ARBITRATION: PARTNERSHIP. When it appeared that in a settlement between partners the one had paid the other more than was his due, with the agreement that any mistakes in the settlement should be rectified, and the matters in dispute were subsequently submitted to arbitration: *Held*, that in an action by the one partner to recover the amount due from the other, evidence of the submission of the books and accounts to arbitration was both competent and material.

*Appeal from Clinton Circuit Court.*

THURSDAY, DECEMBER 16.

THIS action is brought to recover a sum of money alleged to be found due from the defendant to the plaintiff, upon a settlement of the business of a partnership which had been carried on by the plaintiff and defendant, and one J. A. Baer. There was a trial by the court without a jury resulting in a

judgment for the plaintiff for $383.30 and costs of suit. Defendant appeals.

*Amos & Fletcher*, for appellant.

*Leffingwell & Brother*, for appellee.

MILLER, CH. J.—It is admitted by the pleading that the plaintiff, one J. A. Baer, and the defendant were the joint owners of a farm which they managed and worked in partnership; that said partnership was dissolved in December, 1868, and that upon a partial settlement the plaintiff executed a note to Baer for $1,264.75, which he has since paid.

It is shown by the evidence that this settlement was between the plaintiff and the defendant, Baer not being present. It also appears by the evidence that a further and final settlement was made in which the partners were all present, and submitted the matters of the settlement to Thomas Wilber and S. S. Germond, requesting them to take the books and figure up all the partnership matters and see how the accounts stood, and the partners agreed to abide by the figuring and settlement thus made. In this settlement it was found that there had been a mistake in the former settlement by which the plaintiff had paid to Baer about $290.00 more than he owed him and that this sum was owing to Baer by the defendant.

Prior to this settlement it had been agreed by plaintiff and defendant that any mistakes made in the first settlement should be rectified.

The plaintiff's claim is based on the fact that he paid for the defendant a sum of money to Baer which the defendant has promised to repay.

I. One of the errors assigned is that the evidence does not support the finding of the court. There is some conflict in the evidence but we think the finding is quite well supported.

II. It is also urged that the court erred in admitting the evidence given to show the submission of the books and

1. EVIDENCE: arbitration: partnership. accounts to Wilber and Germond for adjustment and final settlement. It is first urged that this

was error because there is no allegation of mistake in the pleadings or of any subsequent accounting and settlement. The substance of the allegations of the petition is that the plaintiff paid money for defendant which he agreed to repay. The evidence objected to went to establish these allegations as ultimate facts and was properly admitted. The second objection is that the testimony was irrelevant and immaterial. It related to the facts to be proved by the plaintiff and tended directly to establish them, and was therefore both relevant and material.

We find no error in the record. The judgment will therefore be

AFFIRMED.